# **EXHIBIT 3**

PISCIOTTI, MALSCH & BUCKLEY, PC
30 COLUMBIA TURNPIKE
FLORHAM PARK, NEW JERSEY 07932
(973) 245-8100
ATTORNEYS FOR DEFENDANT – Dr. Elliot Perel, DPM and Monroe Foot & Ankle, PC



| EDWIN TELCHIN and EVELYN TELCHIN, his wife<br><br>Plaintiffs,<br><br>v.<br><br>ELLIOT PEREL, DPM, ROCHELLE VOLOSO, MD, MONROE FOOT & ANKLE CARE, PC, SAINT PETER'S UNIVERSITY HOSPITAL, JOHN DOE 1-10 (fictitious names) and ABC, INC. 1-10 (fictitious entities),<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br><br>DOCKET NO.: MID-L-5610-12<br><br>**ANSWER TO THE FIRST AMENDED COMPLAINT** |
|---|---|

Defendants Elliot Perel, DPM, and Monroe Foot & Ankle Care, PC, by way of Answer to plaintiffs' First Amended Complaint, say:

**FIRST COUNT**

1. Denied as to the answering defendants.

2. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of the First Count.

3-5. Denied as to the answering defendants.

6. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6 of the First Count.

7. It is denied that defendant Monroe Foot & Ankle Care, PC is liable for any negligence on the part of Dr. Voloso. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 7 of the First Count.

Wherefore, the answering defendants demand judgment, dismissing plaintiffs' First Amended Complaint, together with costs of suit, attorney's fees and interest.

### SECOND COUNT

1. The answering defendants repeat each and every answer to the allegations contained within the First Count of the First Amended Complaint as if set forth at length herein.

2. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of the Second Count.

3-4. Denied as to the answering defendants.

Wherefore, the answering defendants demand judgment, dismissing plaintiffs' First Amended Complaint, together with costs of suit, attorney's fees and interest.

### THIRD COUNT

1. The answering defendants repeat each and every answer to the allegations contained within the First and Second Counts of the First Amended Complaint as if set forth at length herein.

2-4. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraphs 2 - 4 of the Third Count.

Wherefore, the answering defendants demand judgment, dismissing plaintiffs' First Amended Complaint, together with costs of suit, attorney's fees and interest.

### FOURTH COUNT

1. The answering defendants repeat each and every answer to the allegations contained within the First, Second and Third Counts of the First Amended Complaint as if set forth at length herein.

2. The answering defendants do not possess knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 2 of the Fourth Count.

3. Denied as to the answering defendants.

Wherefore, the answering defendants demand judgment, dismissing plaintiffs' First Amended Complaint, together with costs of suit, attorney's fees and interest.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Any injury or damage which plaintiffs may have sustained was the result of the act or acts of a third person or persons over whom these defendants had no control.

### SECOND SEPARATE DEFENSE

The proximate cause of any and all alleged injuries and/or damages was the existing and/or preexisting condition of the plaintiff.

### THIRD SEPARATE DEFENSE

These defendants did not violate any duty owed to the plaintiffs or any other party.

### FOURTH SEPARATE DEFENSE

Any injuries and/or damages alleged by the plaintiffs were not proximately caused by any acts or omissions on the part of these defendants.

### FIFTH SEPARATE DEFENSE

These defendants are entitled to a credit for any funds paid by insurance or other third parties which are claimed as damages by the plaintiffs pursuant to N.J.S.A. 2A:15-97.

### SIXTH SEPARATE DEFENSE

The First Amended Complaint fails to set forth a claim upon which relief may be granted.

### SEVENTH SEPARATE DEFENSE

Plaintiffs have failed to state a cause of action.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### NINTH SEPARATE DEFENSE

Plaintiffs' recovery is barred or limited by operation of the doctrine of assumption of the risk.

### TENTH SEPARATE DEFENSE

Plaintiffs' recovery is barred or limited by operation of the doctrine of avoidable consequences.

### CROSS-CLAIM FOR CONTRIBUTION

While denying any liability, should plaintiffs be entitled to recovery from these defendants directly, then these defendants shall seek contribution from any and all co-defendants pursuant to the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq., and the New Jersey Joint Tortfeasors Act, N.J.S.A. 2A:53A-1 et seq.

### CROSS-CLAIM FOR INDEMNIFICATION

While denying any liability whatsoever, these defendants assert that any and all injuries and damages alleged by the plaintiffs were the proximate result of the negligence of any and all co-defendants, whose conduct was primary and active. Accordingly, if these defendants are found liable with respect to plaintiffs' alleged injuries and damages, such liability is secondary, imputed, and vicarious, and the co-defendants are liable over in indemnity.

## NOTICE OF ALLOCATION

Pursuant to R. 4:7-5(c), plaintiffs are hereby advised that if any party settles the within matter, these defendants shall seek an allocation of a percentage of negligence by the finder of fact against such settling co-defendant(s) and/or credit in favor of these defendants consistent with such allocation. In support, these defendants will rely upon all of the evidence adduced at trial, including but not limited to, that provided by plaintiffs' expert witnesses.

## DESIGNATION OF TRIAL COUNSEL

William J. Buckley, Esq., is hereby designated as trial counsel pursuant to R. 4:25-4.

## JURY DEMAND

This defendant demands a trial by jury.

## STATEMENT OF PHYSICIAN SPECIALTY

Defendant Dr. Perel is a podiatrist and treated the plaintiff in his capacity as a podiatrist.

## DEMAND FOR ANSWERS TO INTERROGATORIES

This defendant demands that plaintiff provide answers to Form A(1) and supplemental interrogatories within the time prescribed by the Rules of Court.

## CERTIFICATION PURSUANT TO RULES 4:5-1 and 4:6-1

I hereby certify to the best of my knowledge, information and belief, that:

1. The matter in controversy in this action is not subject to any other action pending in any other court or arbitration proceeding.

2. No arbitration hearing is currently contemplated.

3. A copy of this Answer was filed and served within the time provided by Rule 4:6-1 and all extensions thereto.


...


                                           **PISCIOTTI, MALSCH & BUCKLEY, PC**  
                                           Attorneys for Defendants Elliot Perel, DPM and  
                                           Monroe Foot & Ankle Care, PC

                                           BY _____  
                                                   WILLIAM J. BUCKLEY

Dated: November 8, 2012