# **EXHIBIT 4**

RONAN, TUZZIO & GIANNONE
4000 ROUTE 66
One Hovchild Plaza
Tinton Falls, NJ 07753
(732)922-3300
Attorneys for Defendant, SAINT PETER'S UNIVERSITY HOSPITAL
Our File No. 173-10356  MEM

| | |
|---|---|
| EDWIN TELCHIN and EVELYN TELCHIN, his wife,<br><br>Plaintiff(s)<br><br>v.<br><br>ELLIOT PEREL, DPM, ROCHELLE VOLOSO, MD, MONROE FOOT & ANKLE CARE, PC, SAINT PETER'S UNIVERSITY HOSPITAL, JOHN DOE 1-10 (fictitious names) and ABC, INC. 1-10 (fictitious entities),<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MIDDLESEX COUNTY<br>DOCKET NO. MID-L-5610-12<br><br>CIVIL ACTION<br><br>STIPULATION TO EXTEND TIME TO ANSWER |

It is hereby Stipulated and Agreed by and between the attorney for the Plaintiffs and the attorney for Defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, that the time within which said defendant(s) may serve and file an Answer to the Complaint is hereby extended for a period of 30 days.

Dated: January 8, 2013

_____
Eric Christopher Landman, Esq.
Attorney for Plaintiffs

_____
Michael E. McGann, Esq.
Attorney for Defendant
Saint Peter's University Hospital

RECEIVED
JAN 31 2013
By_____

2013 JAN 24  A 10: 05

**RONAN, TUZZIO & GIANNONE**
**4000 ROUTE 66**
**One Hovchild Plaza**
**Tinton Falls, NJ 07753**
**(732)922-3300**
Attorneys for Defendant, SAINT PETER'S UNIVERSITY HOSPITAL
Our File No. 173-10356 MEM

| | |
|---|---|
| EDWIN TELCHIN and EVELYN TELCHIN, his wife,<br><br>Plaintiff(s)<br>v.<br><br>ELLIOT PEREL, DPM, ROCHELLE VOLOSO, MD, MONROE FOOT & ANKLE CARE, PC, SAINT PETER'S UNIVERSITY HOSPITAL, JOHN DOE 1-10 (fictitious names) and ABC, INC. 1-10 (fictitious entities),<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO. MID-L-5610-12<br><br>CIVIL ACTION<br><br>ANSWER TO FIRST AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIM, ANSWER TO CROSSCLAIMS, JURY DEMAND, DEMAND FOR STATEMENT OF DAMAGES, AFFIDAVIT OF MERIT, TRIAL DESIGNATION, DEMAND FOR ALLOCATION AND CREDIT and CERTIFICATIONS |

Defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, by way of Answer to First Amended Complaint, says:

### ANSWER TO FIRST COUNT

1.-2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs One and Two of this Count of the First Amended Complaint and leave Plaintiffs to their proofs.

3.-5.    Insofar as the allegations contained in Paragraphs Three through Five of this Count of the First Amended Complaint do not pertain to these defendants, they make no answer thereto. Insofar as the allegations contained in Paragraphs Three through Five of this Count of the First Amended Complaint pertain to these defendants, same are denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Six of this Count of the First Amended Complaint and leave Plaintiffs to their proofs.

7. Insofar as the allegations contained in Paragraph Seven of this Count of the First Amended Complaint do not pertain to these defendants, they make no answer thereto. Insofar as the allegations contained in Paragraph Seven of this Count of the First Amended Complaint pertain to these defendants, same are denied.

WHEREFORE, defendants demand Judgment dismissing the First Amended Complaint herein, together with legal fees and costs of suit.

## ANSWER TO SECOND COUNT

1. Defendants repeat the answers to the allegations of the prior Counts of the First Amended Complaint and make them a part hereof as though set forth at length herein.

2. Defendants admit that Saint Peter's University Hospital is a healthcare facility organized and existing under the laws of the State of New Jersey.

3.-4. Defendants deny the allegations contained in Paragraphs Three and Four in this Count of the First Amended Complaint.

WHEREFORE, Defendants demand Judgment dismissing the First Amended Complaint herein, together with legal fees and costs of suit.

## ANSWER TO THIRD COUNT

1. Defendants repeat the answers to the allegations of the prior Counts of the First Amended Complaint and make them a part hereof as though set forth at length herein.

2.-4. Insofar as the allegations contained in Paragraphs Two through Four of this Count of the First Amended Complaint do not pertain to these defendants, they make no answer thereto. Insofar as the allegations contained in Paragraphs Two through Four of this Count of the First Amended Complaint pertain to these defendants, same are denied.

WHEREFORE, defendants demand Judgment dismissing the First Amended Complaint herein, together with legal fees and costs of suit.

## ANSWER TO FOURTH COUNT

1. Defendants repeat the answers to the allegations of the prior Counts of the First Amended Complaint and make them a part hereof as though set forth at length herein.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two of this Count of the First Amended Complaint and leave Plaintiffs to their proofs.

3. Defendants deny the allegations contained in Paragraph Three in this Count of the First Amended Complaint.

WHEREFORE, defendants demand Judgment dismissing the First Amended Complaint herein, together with legal fees and costs of suit.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

There is a lack of in personam jurisdiction over this party because there is insufficiency of process and insufficiency of service of process. The exercise of such jurisdiction over this party is therefore in violation of this party's rights under the

Constitution of the State of New Jersey and the United States of America and this party reserves the right to move for dismissal of the pleading

## SECOND SEPARATE DEFENSE

The affirmative pleading herein fails to state a claim upon which relief may be granted and this party reserves the right to move at or before the time of trial to dismiss same.

## THIRD SEPARATE DEFENSE

The claimant(s) has failed to join a necessary or indispensable party without whom this action cannot proceed.

## FOURTH SEPARATE DEFENSE

The claimant(s) has failed to issue process within the time required by law and this party is entitled to a dismissal of the action.

## FIFTH SEPARATE DEFENSE

The affirmative pleading fails to state a claim upon which relief can be granted, the court lacks jurisdiction over the subject matter of this action, and the claimant(s) is barred from recovery as a matter of law because the alleged claim was not made and perfected in the manner and within the time provided and required by the law, statute, regulation or contract upon which it is predicated.

## SIXTH SEPARATE DEFENSE

The claim is barred by the entire controversy doctrine and the mandatory counter claim rule.

## SEVENTH SEPARATE DEFENSE

The applicable law, rule, statute or regulation, including, but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following its accrual, was not complied with by the claimant(s), and accordingly, the claimant's claim is barred as a matter of law.

## EIGHTH SEPARATE DEFENSE

Any and all injuries and damages sustained were the result of a third party over whom this party had no control.

## NINTH SEPARATE DEFENSE

The damages of the claimant(s), if any, are as limited by the applicable laws of the State of New Jersey with respect to comparative negligence.

## TENTH SEPARATE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the claimant(s) was proximately caused or contributed to by the fault of third persons not parties to this litigation. The responsibility of the party filing this answer and the right of the claimant(s) to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties to this litigation. Accordingly, this party seeks an adjudication of the percentage of fault of the claimant and each and every other person whose fault contributed to the incident.

## ELEVENTH SEPARATE DEFENSE

The damages of the claimant are limited by the doctrine of avoidable consequences.

## TWELFTH SEPARATE DEFENSE

The claimant does not have sufficient relationship with the injured party to sustain an action for emotional distress and the claim is barred as a matter of law.

## THIRTEENTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency independent of these parties which bars claimant's cause of action.

## FOURTEENTH SEPARATE DEFENSE

This party engaged an independent contractor who performed all work alleged to have caused the claimant injury and, therefore, all claims against this party is barred as a matter of law.

## FIFTEENTH SEPARATE DEFENSE

The claimant is an employee of an independent contractor of this party allegedly injured while engaged in the work contracted for and, therefore, all claims against this party are barred as a matter of law.

## SIXTEENTH SEPARATE DEFENSE

The occurrence complained of was neither intended, foreseeable nor preventable by the exercise of reasonable care.

## SEVENTEENTH SEPARATE DEFENSE

This defendant asserts that any and all action were made in accordance with accepted medical standards and nursing standards.

## EIGHTEENTH SEPARATE DEFENSE

This defendant asserts that there was no deviation from accepted medical standards and nursing standards.

### NINETEENTH SEPARATE DEFENSE

This defendant did not breach any contractual obligation or warranties expressed, implied or arising by operation of law.

### TWENTIETH SEPARATE DEFENSE

This defendant asserts any and all relief available pursuant to *N.J.S.A.* 2A:53A-6, et. seq.

### TWENTY-FIRST SEPARATE DEFENSE

This defendant asserts any and all relief available pursuant to *N.J.S.A.* 2A:53A-37, et. seq.

### TWENTY-SECOND SEPARATE DEFENSE

The basis of claimant's cause of action is against the public policy of this State and the claim for punitive damages is barred as a matter of law.

### TWENTY-THIRD SEPARATE DEFENSE

This party is a non-profit corporation, society or association organized exclusively for hospital purposes within the contemplation of N.J.S. 2A:53A-7, et seq. and 2A:53A-8, et seq. or trustees, directors, officers or volunteers of such organization, and as such its responsibility in damages is limited by said statutes.

### TWENTY-FOURTH SEPARATE DEFENSE

This party is a non-profit corporation, society or association, or trustees, directors, officers, volunteers, agents, servants or employees of a non-profit corporation, society or association within the contemplation of N.J.S. 2A:53A-7 et seq., and as such is immune from liability to the claimant(s).

## TWENTY-FIFTH SEPARATE DEFENSE

At all times relevant to the within litigation, this defendant complied with the applicable laws, regulations and standards.

## CROSSCLAIM

Defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, by way of crossclaim against any and all co-defendants, including fictitious defendants, third-party defendants and defendants added as parties at a later date, say:

While denying that it is in any way obligated or liable under the claims for relief asserted against it, defendant, alleges that:

a. Any obligation imposed upon it to respond in damages could only be as a result of operation of law based upon liability, technical, imputed or implied, whereas the actual fault or negligence was on the part of the party or parties against whom this claim is asserted.

b. Any obligation of this defendant to respond in damages is based upon an alleged breach of contract, whereas the causative act or failure to act was that of the party or parties against whom this claim is asserted.

c. The party or parties against whom this claim is asserted is obligated under the terms and provisions of the New Jersey Tortfeasors Contribution Act (N.J.S.A. 2A:53A et seq), the Comparative Negligence Act (N.J.S.A. 2A:15-5.1 et seq, and/or The New Jersey Tort Claims Act (N.J.S.A. 59:1 et seq), for their *pro rata* share of any judgment.

d. This defendant is entitled to a determination of the percentage shares of responsibility of all tortfeasors, whose fault contributed to the claimed injuries and property

damage, as the obligation, if any, of this defendant to respond in damages should not exceed its percentage share.

e. Arising out of the relationship between the parties is a contractual obligation entitling this defendant indemnification from the party or parties against whom this claim is asserted.

f. In addition to the foregoing, defendant is entitled to common law and contractual indemnification.

WHEREFORE, defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, demands judgment or restitution, indemnity, contribution or apportionment of responsibility from the party or parties against whom this claim is asserted.

## ANSWER TO ALL CROSSCLAIMS

Defendants, **SAINT PETER'S UNIVERSITY HOSPITAL**, denies all crossclaims asserted against it in this action.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE, that defendant demands a trial of the issues by a jury of six persons.

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE, that pursuant to Rule 4:5-2, the party filing this answer requires that you, within five days, furnish it with a statement of damages claimed.

## AFFIDAVIT OF MERIT

Defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, hereby demands compliance with the Affidavit of Merit Statute.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that, pursuant to R. 4:25-4, **MICHAEL E. McGANN, ESQ.**, is hereby designated trial counsel for defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**.

## DEMAND FOR ALLOCATION AND CREDIT

Pursuant to R. 4:7-5, defendant, **SAINT PETER'S UNIVERSITY HOSPITAL**, demands an allocation of liability for all defendants, including all settling defendants, as well as a credit for the responsibility of all settling defendants.

## CERTIFICATION

I hereby certify that a copy of the within document has been filed with the Clerk of the captioned Court and that a copy of same was served upon all interested attorneys, within the time allowed by the Rules of Court.

## CERTIFICATION PURSUANT TO RULE 4:5-1

1. The matter in controversy is the subject of a pending action or arbitration as follows: NONE KNOWN

2. Contemplation of another action or arbitration proceeding is contemplated as follows: NONE KNOWN

3. The following parties listed should be joined in this action: NONE KNOWN

4. I CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                              Ronan, Tuzzio & Giannone
                                              Attorneys for Defendants
                                              **Saint Peter's University Hospital**

                                              By: _____
                                                      Michael E. McGann

Dated: January 21, 2013