NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Edward TELCHIN, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>Elliot PEREL, DPM, UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Civ. No. 14-1848<br><br>OPINION |

THOMPSON, U.S.D.J.

## INTRODUCTION

The present matter comes before the Court upon Defendant United States of America's (hereinafter, "United States") motion to dismiss all claims against it for lack of subject matter jurisdiction. (Doc. No. 8). Plaintiffs oppose the motion. (Doc. No. 11). Co-Defendant Perel opposes the motion to the extent that it applies to his cross-claims against the United States. (Doc. No. 12). The Court issues the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's motion will be granted and all claims against Defendant United States will be dismissed for lack of subject matter jurisdiction.

## BACKGROUND

The issue before the Court stems from a personal injury suit filed in state court against the United States and others. The present motion only pertains to claims against the United States.

1

On August 20, 2012, Plaintiffs filed a Complaint in the Superior Court of New Jersey against Elliot Perel, Monroe Foot & Ankle Care, P.C., and Saint Peter's University Hospital. On October 15, 2012, Plaintiffs filed an Amended Complaint that added Dr. Rochelle Rubinov-Volosov as a co-defendant. (Doc. No. 1, Ex. 1). Defendant Rubinov-Volosov was personally served with the Summons and Complaint on October 23, 2012. (*See* Doc. No. 11, Ex. G). On January 21, 2013, Defendant Perel brought a cross-claim against Defendant Rubinov-Volosov for contribution and/or indemnification. (Doc. No. 1, Ex. 5).

On February 11, 2013, Plaintiffs requested the Court enter default against Defendant Rubinov-Volosov for her failure to answer. The state court granted the request. (Doc. No. 11, Ex. G). Plaintiffs then contacted Rubinov-Volosov, requesting information regarding her professional liability insurance. (Doc. No. 11, Ex. J). Rubinov-Volosov responded to the letter by informing Plaintiffs that, at the time of the incident, she was actually a Medical Resident with the U.S. Department of Veteran Affairs. (Doc. No. 11 at 4). On March 19, 2014, the United States Attorney's Office certified that Rochelle Rubinov-Volosov was acting within the scope of her employment with the U.S. Department of Veteran Affairs as a podiatry resident training at the Veteran Affairs New Jersey Health Care System. (Doc. No. 1, Ex. 2, Notice of Removal). Pursuant to the Federal Tort Claims Act (hereinafter, "FTCA"), the United States was substituted as a defendant. (Doc. No. 2, Notice of Substitution). On March 24, 2014, the United States removed this matter to federal district court pursuant to 28 U.S.C. § 1442 and 2679(d)(2). (Doc. No. 1).

The United States claims that this Court lacks subject matter jurisdiction because Plaintiffs did not comply with the FTCA. (Doc. No. 8).

DISCUSSION

1. Legal Standard

A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

"The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.,* 559 F.Supp.2d 484, 491 (D.N.J.2008).  In evaluating the merits of a facial attack, the court is limited to considering the allegations in the complaint and any documents referred to therein or attached thereto in the light most favorable to the non-moving party.  *Gould Elecs., Inc. v. United States,* 220 F.3d 169, 176 (3d Cir.2000) (citing *Mortensen,* 549 F.2d at 891).

A factual attack challenges jurisdiction based on facts apart from the pleadings.  *Mortensen,* 549 F.2d at 891.  When a defendant challenges the fact of a court's subject matter jurisdiction, the court is "free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Int'l v. Oriental Rug Importers Ass'n,* 227 F.3d 62, 69 (3d Cir.2000); *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n. 4 (3d Cir.2002) (court must weigh the allegations of the complaint, in addition to any "affidavits, documents, and even limited evidentiary hearings," to satisfy itself that it has jurisdiction to hear a case).

2. Analysis

   a. Claim Against the United States

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). FTCA is a conditional waiver of that sovereign immunity. *White-Squire v. U.S. Portal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010); *Simon v. United States,* 341 F.3d 193, 200 (3d Cir. 2003). Under the FTCA, sovereign immunity can be waived only if the plaintiff complies with the tort claim procedures and the claim is timely filed. *See* 28 U.S.C. § § 1346(b), 2401(b), 2671-2680.

The plaintiff must persuade the court the he has complied with the FTCA's exhaustion requirement prior to filing suit. *McNeil v. United States*, 508 U.S. 106, 110 (1993). Before bringing an action against the United States, a plaintiff must present a claim to the federal agency, and the agency must issue a final denial of the claim. *Id*. at 109; 28 U.S.C. § 2675(a). This administrative exhaustion requirement is "jurisdictional and cannot be waived." *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009); *see also Michtavi v. United States*, Fed. App'x 727, 729 (3d Cir. 2009)(filing suit before a final administrative decision from the appropriate federal agency "violate[s] the strict requirement under the FTCA that exhaustion must be complete prior to instituting a civil action").

Here, the United States presents a factual challenge to the Court's subject matter jurisdiction based on the failure to exhaust administrative remedies. Plaintiffs do not claim that the United States was improperly substituted as a party or that the FTCA does not apply. Plaintiffs also do not argue that they filed an administrative claim or that they received a final denial of their claim. Plaintiffs only argue that this failure should be excused and the statute of limitations tolled

because they did not receive notice that the United States was a defendant in time to file an administrative claim. Since the FTCA's exhaustion requirement is jurisdictional and Plaintiffs have failed to exhaust their administrative remedies, Plaintiffs' civil action against the United States will be dismissed.[1]  *See McNeil*, 508 U.S. at 112 (plaintiffs cannot bring a claim under the FTCA until they have filed an administrative claim); *Lightfoot*, 564 F.3d at 627 (exhaustion requirement is jurisdictional).

    b.  Cross Claims

Defendant Perel asserted cross-claims for contribution and indemnity against the United States. Perel argues that, even if Plaintiffs' claims are dismissed for lack of subject matter jurisdiction, his cross-claims should remain in federal court.

Under the doctrine of derivative jurisdiction, the federal court's jurisdiction over a case that has been removed is derived from the jurisdiction of the state court from which the action has been removed. *Parisi v. United States*, Civ. No. 12-3109 RMB, 2013 WL 1007240 (D.N.J. Mar. 12, 2013). "If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none," even if the court would have had jurisdiction over the claim had it been originally brought in federal court. *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.,* 258 U.S. 377, 382 (1922); *see also Bradshaw v. Gen. Motors Corp.,* 805 F.2d 110, 112 (3d Cir. 1986) ("Long-standing authority holds that a removed case may not be adjudicated in a federal court if the state court did not have subject matter jurisdiction over the suit when it was initially filed there.").

---

[1] 28 U.S.C. § 2679(d)(5) ("Whenever an action or proceeding in which the United States is substituted as the party defendant . . . is dismissed for failure to first present a claim . . . such a claim shall be deemed timely presented under section 2401 (b) of this title if . . . (B) the claim is presented to the appropriate federal agency within 60 days after dismissal of the civil action.").

"Although the doctrine of derivative jurisdiction has been abrogated for removals under the general removal statute . . ., the doctrine arguably still applies to removals . . . pertaining to federal officers, 28 U.S.C. § 1442." *Calhoun v. Murray*, 507 F. App'x 251, 256 (3d Cir. 2012) (citing *Rodas v. Seidlin,* 656 F.3d 610, 619 (7th Cir.2011)).  Other district courts in the District of New Jersey have recently applied this doctrine to cases removed under 28 U.S.C. § 1442.  *See, e.g.*, *Parisi v. United States*, 2013 WL 1007240 (D.N.J. Mar. 12, 2013) (dismissing personal injury claims against the United States removed under 28 U.S.C. § 1442 for lack of jurisdiction); *See also Bender v. HUD,* 2010 WL 605741 at *1 n. 2 (D.N.J. Feb. 19, 2010) (Bumb, J.) ("However, derivative jurisdiction has still been held to apply to cases that are removed pursuant to § 1442, a statute that allows removal where the United States or its agencies are named defendants.").

Here, Defendant Perel asserted a tort claim against Defendant United States in Superior Court.  The Superior Court lacked jurisdiction over the cross-claim.  *See* 28 U.S.C. § 1346(b)(1) (federal district courts have exclusive jurisdiction over tort claims against the United States of America).  Since this matter was removed to federal court pursuant to 28 U.S.C. § 1442, this Court lacks jurisdiction over Perel's cross-claims.  *See Parisi*, 2013 WL 1007240, at *4.

## CONCLUSION

For the reasons set forth above, all claims brought against the United States are dismissed.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: June 2, 2014